PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* GRAND RAPIDS
STICKY FLY PAPER CO.

1. QUO WARRANTO—JUDGMENT ON PLEADINGS—ERROR—QUESTIONS
CONSIDERED.
On error to review a judgment of ouster, rendered in quo war-
ranto proceedings pursuant to a motion for judgment on the
pleadings, the questions proper to be considered arise upon
the practice followed and upon the information and plea.

2. SAME—APPLICATION FOR LEAVE TO FILE—HEARING.
The information having been filed pursuant to leave granted
after hearing and contest, none of the matters produced at
the hearing, except the information, are before this court on
error.

3. SAME—STATUTE—AUTHORITY TO FILE—PRESUMPTION—SECURITY
FOR COSTS.
Where the attorney general obtains leave to file an information
in the nature of quo warranto against a private corporation,
to determine its corporate existence, it will be assumed that
he is acting under the last clause of section 9950, 3 Comp.
Laws, providing for the filing of such informations in every
case in which satisfactory security for costs is furnished.

4. SAME—JUDGMENT ON PLEA—PROPRIETY.
Where the plea to an information in the nature of quo war-
ranto against a private corporation, to determine its corpo-
rate existence, admits that it became, and for more than a
year remained, insolvent, a judgment of dissolution is properly
entered on the pleadings (§§ 9762, 9950, 9961, 3 Comp. Laws).

Error to Kent; Wolcott, J. Submitted February 8,
1906. (Docket No. 109.) Decided May 24, 1906.

Quo warranto proceedings by the people of the State of
Michigan, on the relation of John E. Bird, attorney gen-
eral, against the Grand Rapids Sticky Fly Paper Com-
pany to determine its corporate existence. There was
judgment of ouster, and respondent brings error. Af-
firmed.

It is set out in the information, which was filed by leave of the court, that respondent is a corporation organized in December, 1902, under the provisions of Act No. 232, Pub. Acts 1885, and amendatory acts, for the purpose, expressed in its articles, of "the manufacture, purchase, and sale of fly paper and all materials, tools, machinery, and appliances convenient, necessary, or suitable to such business, and the making and dealing in all other articles and products which may be conveniently handled in connection with such fly paper business," the business to be carried on in Grand Rapids, in Michigan, where its office was located, for the term of 30 years; that it entered upon said business and in November, 1903, became and was insolvent, and so continued for a period exceeding one year; that in October, 1903, the O. & W. Thum Company, which was, and ever since has been, a corporation organized under the same legislative provisions for the purpose of manufacturing and selling sticky fly paper and its ingredients, and castor oil, and was, and is, engaged in such business at Grand Rapids, aforesaid, purchased and acquired seven-eighths of all the stock, preferred and common, of respondent corporation, and in November, 1903, further acquired, through W. W. Hyde, acting as its agent and trustee, the remaining one-eighth of such stock, and so became and now is owner of all of the capital stock of respondent corporation and has control of the corporation, which is deprived of all power to manage and control its business except by and through the said the O. & W. Thum Company, which last-mentioned company had no right or authority in law to so acquire and hold said stock; that such purchase and acquiring of stock left respondent without lawful officers and those who were before its officers severed their connection with the company; that, prior to the occurrences just related, the respondent and the O. & W. Thum Company were in competition with each other and the stock of respondent was so disposed for the purpose of avoiding and suppressing competition in the business in which said the O. & W. Thum Company is engaged.

It is further averred:   That after the aforesaid disposition of stock the assets of the respondent corporation were sold, on an execution, by the sheriff, to said W. W. Hyde, purporting to act as trustee for certain creditors, but really for said the O. & W. Thum Company.   That respondent discontinued and abandoned its business.   That it made no report to the secretary of State in the year 1904, prior to March 1st of that year, and did not intend so to do.   That on April 20, 1904, a majority of the last board of directors of respondent did make and file in the office of the secretary of State the following document:

"GRAND RAPIDS, MICH., April 12, 1904.
"We the undersigned, being a majority of the last board of directors of the Grand Rapids Sticky Fly Paper Company, do hereby certify that the attitude of said corporation towards the State of Michigan has been changed, in that all of the property and assets of said corporation have been sold and said corporation is now out of business.

(Signed)   "PHILIP H. TRAVIS,
"       "ALBERT G. DICKINSON,
"       "JOSEPH H. BREWER,
"A majority of the last board of directors."

The facts already related are claimed to amount to, and to have been intended to amount to, and to operate as, a surrender of the corporate rights of respondent.

It is further alleged that after the happening of the events already related, and on November 30, 1904, a corporation named like respondent was organized, and for the same purpose, and entered upon said business; that on December, 29, 1904, the O. & W. Thum Company transferred to each of four persons named one share of the common stock of respondent, the remaining 41,476 shares of common stock and 6,750 shares of preferred stock of respondent company being held by W. W. Hyde as trustee for the O. & W. Thum Company; that a stockholders' meeting was held, a board of directors elected, officers elected by said board, and that the respondent now claims never to have been legally dissolved, never to have sur-

rendered its charter, and that it is now engaged in carrying on the business which it was organized to do; that this business is the same as that carried on by the O. & W. Thum Company, and that the result is an unlawful combination to prevent competition and to create and enforce restrictions upon trade and commerce. Violation of the provisions of Act No. 255, Pub. Acts 1899, and of the laws of the United States, is charged. The proceeding is instituted under the provisions of section 9950, 3 Comp. Laws, and a judgment that the rights, franchises, and privileges of respondent may be held and adjudged to be forfeited and surrendered and the corporation dissolved is prayed for.

To this information it was pleaded that respondent was, on August 1, 1903, insolvent, and has since that date carried on no business, except in winding up its affairs; that it has manufactured no fly paper or other product since August 1, 1903; that its stockholders, all of them, in the fall of 1903, sold and conveyed to W. W. Hyde all of its capital stock, he acting as trustee for the stockholders of the O. & W. Thum Company, after which respondent proceeded in good faith to close up its business, sell its assets, and pay its debts; that since August 1, 1903, respondent has engaged in no business in competition with the O. & W. Thum Company; that the purchase of the capital stock of respondent was not made for the purpose of avoiding, suppressing, or preventing competition or for any illegal or unlawful purpose; that a large portion of the property of respondent was not sold on execution at the time mentioned in the information or at any time, but respondent, at that time, had several thousand cases of sticky fly paper which were outside the State; that it had a leasehold interest in property, which was not levied on or sold; that the pretended sale of its books of account, accounts receivable, and trade secrets were wholly ineffectual; that respondent did not discontinue and abandon its business, and the same was not taken over and absorbed by the O. & W. Thum Company, and its said alleged trustee, Hyde.

It is denied that it intentionally omitted to file a report in 1904, prior to March 1st, and denied that the certificate filed was by authority of the O. & W. Thum Company. It is admitted that Wesley W. Hyde, trustee for certain creditors of respondent, assented to the filing of a certificate, but denied that he assented to the form, substance, or effect, of the one filed. It is denied that the Grand Rapids Sticky Fly Paper Company, alleged to have been organized November 30, 1904, was duly organized, since it assumed the name of respondent, contrary to the statutes of the State; that the O. & W. Thum Company did not, on December 29, 1904, transfer or pretend to transfer to persons named in the information each one share of stock, and the remainder of the stock is not held by the said company. It is said that the new board of directors and new officers were elected by respondent's stockholders for the sole purpose of closing the affairs of respondent and paying its debts, and the action taken solely in the interests of respondent and its creditors and not in the interest of the O. & W. Thum Company or any other corporation or person. It is further pleaded that respondent has never, since the sale of its stock, claimed that it was engaged in carrying on the business for which it was organized any further than that it was engaged in selling its property, collecting its credits, and paying its debts; that it has now no property excepting its books of account, accounts receivable, trade secrets, and leasehold. Its debts have, except certain disputed claims amounting to $200 or $300, been paid, it has sold no fly paper since the fall of 1904 except 240 cases, and has none for sale now on hand; that it has proceeded diligently and in good faith to wind up its affairs.

With the plea is a demurrer in the form following:

"And the said respondent comes and defends the wrong and injury, when, etc., and says that the last two clauses of said information, and the matters therein contained in manner and form as the same are therein stated and set forth, are not sufficient in law for said plaintiff to have or

144 Mich.—15.

maintain his aforesaid action thereof against this respondent, and the said respondent is not bound by law to answer the same because there is no allegation in said clauses or either of them, or in any part of said information, that this respondent is engaged in carrying on the business of the manufacture, purchase, and sale of fly paper and the materials, tools, machinery, and appliances, convenient and necessary or suitable to such business and the making and dealing in all other articles and products which may be conveniently handled in connection with such fly paper business, or any allegation that this respondent is engaged in carrying on any part of the business for which it was organized. And because the said two clauses or any other part of the said information do not contain any allegation of any fact showing a combination with the O. & W. Thum Company of any kind, or a combination of capital and skill to prevent competition in the making, manufacturing, and selling of fly paper, or to create and carry out restrictions in trade and commerce in fly paper or in restraint of trade and commerce between and among the several States of the United States, in violation of Act No. 255 of the Public Acts of the State of Michigan for the year 1899, and in violation of public policy and of the laws of the United States. Also, that the last two clauses of said information are in other respects uncertain, vague, contradictory, and unintelligible, and that the said respondent is not bound by the laws of the land to answer the same, and this it is ready to verify. Wherefore by reason of the insufficiency of the last two clauses of said information in this behalf, the said respondent prays judgment, and that the said information may be dismissed, and the said relator barred from having or maintaining his aforesaid action thereof against this respondent, etc.''

Without other pleadings, the relator moved for judgment for the following reasons:

''1. Because said respondent's plea admits that in the fall of 1903 all of the stock of said respondent was acquired by Wesley W. Hyde as trustee for all of the stockholders of the O. & W. Thum Company, a competing corporation, and admits that said Wesley W. Hyde, as such trustee, still holds substantially all of said stock, and shows that said corporation is absolutely controlled by said Hyde, as such trustee, contrary to law and public policy.

"2. Because the control of said respondent by said Hyde as trustee for all of the stockholders of said the O. & W. Thum Company, a competing corporation, necessarily operates in restraint of trade and competition, and in furtherance of monopoly, and constitutes an illegal trust under the laws of the State of Michigan, and is against the public policy of this State, and a violation of the anti-trust act of the United States, and a misuser of the charter of said respondent.

"3. Because the information filed against said respondent alleges, and said respondent's plea does not deny and therefore admits, that since the fall of 1903 said respondent has been without legal directors and officers, and that all of its then officers and directors ceased to be stockholders therein and severed their connection therewith in the fall of 1903, and that no other directors or officers were attempted to be elected until December, 1904.

"4. Because said respondent's plea admits that for a period of more than one year said respondent wholly neglected to have either directors or officers.

"5. Because it is alleged in said information and not adequately denied by said respondent's plea that said respondent did not make and file in the office of the secretary of State of the State of Michigan the annual report required to be filed in the year 1904 prior to March 1st, and that the neglect and refusal to file said report was intentional.

"6. Because said information alleges and said respondent's plea does not adequately deny, and therefore admits, that on, to wit, April 20, 1904, a majority of the last board of directors of respondent filed the certificate of dissolution set forth in said information with the authority of Wesley W. Hyde, trustee, for all of the stock of said respondent.

"7. Because the said information alleges and the plea of said respondent does not deny, and therefore admits, that said respondent on, to wit, the 25th day of November, 1903, became insolvent and so continued for a period exceeding one year.

"8. Because the plea of said respondent avers that it became insolvent August 1, 1903, and has since then wholly abandoned and discontinued the business for which it was organized, and has been engaged in winding up such business.

"This motion is based upon the information filed by

said relator and the plea filed by said respondent thereto, now on file in said cause."

A motion to strike this motion from the files was denied. Judgment was entered pursuant to the motion, the judgment entry containing the following recital:

"It appearing to the court from the information filed in said cause and the respondent's plea thereto that in the fall of 1903 all of the stock of said respondent was acquired by Wesley W. Hyde, as trustee for the stockholders of the O. & W. Thum Company, a competing corporation, and said Hyde, as such trustee, still holds all of said stock except four shares of ten dollars ($10.00) each of the common stock of said corporation, and after the acquisition of all of said stock by the said Hyde as such trustee, the said respondent had no officers or directors whatever for a period of more than one year and that no other directors or officers were attempted to be elected until December, 1904; and until after another corporation of the same name had been organized, and that said respondent did not make and file in the office of the secretary of State of Michigan the annual report required by law to be filed in the year 1904, prior to March 1st, and that a majority of the last board of directors of said respondent, on, to wit, April 20, 1904, filed in the office of the secretary of State a certificate certifying that the attitude of said corporation toward the State of Michigan had changed in that all of the property and assets of said corporation had been sold, and that said corporation was out of business, and that on or about the 25th day of November, 1903, said respondent became insolvent and so continued for a period exceeding one year, and that for a period of about two years said respondent has wholly abandoned and discontinued the business for which it was organized except to wind up such business."

Respondent brings the case here by writ of error.

*Hyde, Earle & Thornton*, for appellant.

*Bundy, Travis & Merrick*, for appellee.

OSTRANDER, J. (*after stating the facts*). The questions proper to be considered and determined arise upon the practice followed and upon the information and plea.

Extended statements of facts, entirely outside of the record presented to this court, appear in the briefs, and are made the basis for much that is said by way of argument. As an example, a quotation from the brief for respondent is here given:

"The closing appeal in relator's brief, though untrue in statement of facts, does at last get down to the real question here. That question is: Shall respondent be dissolved and be prevented from using the mails in closing up its business, solely because the new illegal corporation wants the exclusive use of the name, Grand Rapids Sticky Fly Paper Company? All other questions raised by relator are mere masks behind which the real question has always lurked. Dickinson et al. got their money for their stock, and then Dickinson and perhaps some of the others went into the same business, as they lawfully might. But they illegally assumed respondent's name for their new company. When the post office refused to deliver to the new company mail that came addressed 'Grand Rapids Sticky Fly Paper Company,' and when, after a contest in the post office department, it adhered to that decision, then this suit was brought in the name of the people on relation of the attorney general, not to test the right of the respondent to the exclusive use of its name, but on the pretense that respondent had violated the anti-trust laws. And then, having got into court, this pretense was abandoned. (We do not say that the attorney general was at all a party to this conduct.) The case is here in control of the new illegal corporation. Its counsel have had the sole management of it."

In various ways the briefs afford the information that an animated contest was made upon the hearing of the motion for leave to file the information. None of the matters then produced, unless it may be the information itself, are before this court. The statute provides:

"It shall be the duty of the attorney general, whenever he shall have good reason to believe that the same can be established by proof, to file such information in every case of public interest; and also, in every other case in which satisfactory security shall be given to indemnify the people of this State against all costs and expenses to be incurred thereby." 3 Comp. Laws, § 9950.

It is assumed that the information was filed upon the authority of the last clause of the section of the statute quoted.

It is complained that judgment was rendered on the motion of relator, and that the demurrer of respondent to certain parts of the information was not regularly brought on for hearing; that the motion for a judgment amounted to abandonment by relator of all charges in which the public has an interest, and that the case should be treated by this court, for this reason, as one not of public interest, and as one now resting upon charges which would not have warranted the interposition of the attorney general nor have secured permission to file the information. These objections relator answers by saying that the plea of respondent admits facts which may be, and by the court were, treated as conclusive evidence of acts of surrender, misuser, and nonuser; that, if this court is of opinion that the admitted facts sustain a forfeiture, the judgment of the trial court must be affirmed, even though this court would not, as a court of original jurisdiction, have declared the forfeiture. Precisely what questions are open to review on error in proceedings of this nature, where the attorney general and the court below have both exercised discretion in permitting the institution of the proceeding, we need not determine. We are of opinion that in this case the plea confesses acts of respondent which are by statute made ground for its dissolution. It is charged that it became, and for a period of more than one year remained, insolvent. The fact is admitted by the plea. It is provided by the statute (3 Comp. Laws, § 9762) that as a consequence "it shall be deemed to have surrendered the rights, privileges and franchises granted by any act of incorporation, or acquired under the laws of this State, and shall be adjudged to be dissolved." There is statute sanction for the filing of an information against a corporation "whenever it shall have done or omitted any acts which amount to a surrender of its corporate rights, privileges and franchises."

3 Comp. Laws, § 9950. And 3 Comp. Laws, § 9961, states the judgment which shall, in such a case, be rendered. See *People, ex rel. Attorney General,* v. *Bank of Pontiac,* 12 Mich. 527.

The motion for judgment may be treated as a demurrer to the plea. The facts admitted by the plea amount, in law, to a surrender by respondent of its corporate privileges, generally, and it cannot be held that it was error on the part of the trial court to so determine. *People, ex rel. Crawford,* v. *Molitor,* 23 Mich. 341. The judgment is, therefore, affirmed.

It is proper to add, in view of the averments in the information and the plea, concerning a corporation organized in November, 1904, which assumed the name of respondent, that the judgment in this proceeding does not determine or establish the rights or privileges of that corporation. Whether the provisions of 3 Comp. Laws, § 8534, do or do not insure to a corporation, dissolved by order of court, the use of its name in closing its affairs, is a question which does not arise upon this record.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.