O. & W. THUM CO. v. A. K. ACKERMAN CO.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1919.)

No. 3161.

TRADE-MARKS AND TRADE-NAMES &100—UNFAIR COMPETITION—SUFFICIENCY OF DECREE.

In suit to restrain unfair competition in the sale of sticky fly paper or fly coils, so as to infringe plaintiff's rights, decree approving the trade-name, the name of his commodity, and the designs submitted by defendant under which to continue business, and fixing the amount of bond required as a condition to permit the sale of stock previously manufactured by defendant, *held* sufficient as effectively protecting plaintiff's rights.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Clarence W. Sessions, Judge.

Suit in equity by the O. & W. Thum Company against the A. K. Ackerman Company. From the decree, plaintiff appeals. Affirmed.

See, also, 254 Fed. 219.

This is an appeal from the decree entered in the court below upon mandate issued pursuant to opinion rendered, August 1, 1917, in the two cases of the present appellant against Dickinson and the Ackerman Company, respectively; which were commenced in separate jurisdictions and subsequently heard together in this court, as explained in 245 Fed. at page 610, 158 C. C. A. 37. The facts then pertinent to the cases and the reasons for the conclusions reached appear in that opinion, and a petition for writ of certiorari was denied in each case. 246 U. S. 664, 38 Sup. Ct. 334, 62 L. Ed. 928. The defendants in those cases, on November 26, 1917, presented to the court below a joint petition, bearing the titles of both the original cases, specifying the courts in which the cases had been brought, one in Michigan and the other in Ohio, and addressed to the "District Courts of the United States"; but it does not appear whether a similar petition was filed in the District Court for the Western District of Michigan. This joint petition, after setting out steps previously taken in this court, in substance states that the season of manufacture of sticky fly paper for the year 1918 was then at hand, and that it was necessary for the petitioner Dickinson to proceed with such manufacture at once; that Dickinson had caused to be prepared certain photographs, submitted with the petition, showing the name under which he proposed to continue his business and the name of the commodity manufactured by him, as well as the design which he proposed to use—presumably in the introduction and sale of his product. The petition further states that the business name so proposed would serve "effectually to qualify and explain" the trade-name Dickinson had previously used and "to distinguish" it from the name of the present appellant, and that the name so to be given to his commodity would serve "unmistakably to differentiate his product from plaintiff's," the appellant's, and prays (a) approval of the trade-name, the name of his commodity, and the design so submitted, and (b) an order fixing amount of bond required as a condition to permitting the sale of finished stock theretofore manufactured by Dickinson and bearing the names and marks in issue in appellant's former appeals.

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In our former opinion certain questions concerning the further use of Dickinson's trade-name and of the term he applied to his product were referred to the trial judge for determination (245 Fed. at page 627, 628, 158 C. C. A. 37); and the method adopted by the joint petitioners to present the issues involved in these questions was fairly within the practice sanctioned by this court in Kalamazoo Loose-Leaf Binder Co. v. Proudfit Loose-Leaf Co. (243 Fed. 895, 156 C. C. A. 407). It does not appear that appellant responded to the petition by motion, answer, or other pleading. It is, however, to be gathered from the contentions of counsel that the matters so referred to the trial judge were presented by both sides and heard in open court. In the assignments of error appellant sets up a number of objections to the decree, though in all material respects they are based on the conditions under which Dickinson is permitted by the decree to continue the use of his former trade name and of the term ("Sticky") he had applied to his commodity.

Fred L. Chappell, of Kalamazoo, Mich., for appellant.
Willard F. Keeney, of Grand Rapids, Mich., for appellee.

Before WARRINGTON, Circuit Judge, and COCHRAN and HOLLISTER, District Judges.

PER CURIAM. We are constrained to believe the decree is right:

1. The decree adjudges that "it is and will be an effective qualification and explanation" of the name under which "Dickinson conducts his business if, in association with and immediately following" his trade-name, viz. "'Grand Rapids Sticky Fly Paper Company,' * * * there be used" the name and word "Albert G. Dickinson, Proprietor," provided such name and word "be printed in type as large as that in which the words" of such trade-name "are printed." The change thus exacted is manifestly designed to break up the practice of concealing the real origin of the Dickinson product.

2. The decree also adjudges that "it is an effective qualification and explanation of the word 'Sticky' if the same be used in connection with the fly paper or fly coils manufactured" by Dickinson "as descriptive thereof, and not as heretofore as the name of a brand called 'Sticky,'" provided the word as thereafter used by Dickinson "upon his fly sheets, cartons, cases, and crates, vended by defendant (Ackerman Company) shall not be printed in larger type than the words 'fly paper' or 'fly coils' in connection with which it is used." The effect of this is to forbid further use of the word "Sticky" as a separate and distinct descriptive term; indeed, petitioners propose and one effect of the decree is to approve the use of "American Fli-Catch," instead of "Sticky," as a single descriptive term.

3. The decree recites the submission to the court by Dickinson of certain photographs, one showing what is to be displayed on the top and edges of the carton, another the design which is to be imprinted upon the fly sheets, including directions for the use of the paper and coils, and still another the design and also at each end a representation of the fly coil. They also show the name under which the business is to be continued and the name selected for the product, and the photographs are attached as exhibits in the order thus stated; and the decree adjudges that, if the business name and that of the product are used in the manner shown in these exhibits, they will sufficiently differentiate

Dickinson's business and product from appellant's, and that the design so shown "does not infringe the design of the plaintiff," the appellant.

It is not necessary to state further details of the changes so wrought. It is sufficient to say that other changes are made respecting the dress in which the Dickinson products are to be displayed in putting them on the market. Furthermore, the results of these changes are placed in definite and permanent form by the exhibits attached to the decree, and, in view of the part Dickinson has taken as a joint petitioner in this case, the decree would seem to be as effective in binding him as it is the Ackerman Company. This of itself is a distinct advantage to appellant, unless it is correct in its contention that Dickinson has no right at all to use the name under which he is permitted to continue his business or to use the word "sticky," even as such use is explained and restricted by the decree.

The truth is appellant seeks to reopen both of the original cases on these points. This is to overlook the contentions made on both sides and the decision rendered on both questions when the original cases were here. The officers controlling appellant will not see, much less do they appreciate, the significance of the geographic and descriptive character of the name, Grand Rapids Sticky Fly Paper Company, or of the years of acquiescence in Dickinson's use of the words as a trade-name. It hardly is necessary to try to add to what is said and, in the way of judicial decisions, cited in our original opinion on these subjects (245 Fed. at pages 625 to 627, 158 C. C. A. 37). Appellant's reiteration of its claim to an exclusive right in the name is not persuasive. The most that it ever obtained in an exclusive sense was through purchase of the stock in a corporation created under that name—true, a franchise to be and to act under such name—but this was lost through ouster (People v. Grand Rapids Sticky Fly Paper Co., 144 Mich. 221, 231, 107 N. W. 1119); and hence we still think the appellant's insistence is not aided by the purchase of the stock mentioned or the decision cited. It is to be added that appellant never used the name in the precise form to which it persists in claiming the exclusive right; certainly this course was not calculated to secure such a right. Plainly, then, it will not do to ignore the vital characteristics, the geographic and descriptive nature, of the name, nor the effect of appellant's acquiescence in Dickinson's use of it.

What appellant and its predecessors have done concerning the use of the name "Grand Rapids" and the words "sticky fly paper," and what rights they so acquired, were considered in our first opinion. The relief granted to appellant was bottomed on the fact, deducible from the record, that Dickinson adopted the trade-name in question, without disclosing his own name, for the purpose of getting some of appellant's business. 245 Fed. at page 625, 158 C. C. A. 37. Dickinson's initial intent was made plain by his subsequent progressive methods of imitating appellant's trade-mark, trade packages, and trade dress. Besides, we think the trade-name itself was calculated to enable him unduly to secure advantages from appellant's established business. The name told the story of years of effort on the part of the Thum Bros. to perfect the manufacture of sticky fly paper at Grand Rapids and to

build up a trade in their output, until Grand Rapids became known as "the home of sticky fly paper." The situation was peculiar and exceptional; it clearly called for disclosure of Dickinson's name as the producer of the sticky fly paper he was selling under the name "Grand Rapids Sticky Fly Paper Company"; he did not accompany his use of the trade-name with an explanation "so as to give the antidote with the bane."

Here we have an instance of defendants' refusal to see or to appreciate the effect of Dickinson's intent, like the refusal of appellant with respect to the characteristics of the name and the acquiescence in its use; this attitude of the parties, of course, results in dissatisfacion to each and involves considerations which must be balanced and met. It may be added that what has been said in respect of the trade-name sufficiently discloses our view of the restriction imposed by the decree upon the further use of the word "sticky." The question is not what relief appellant might have been entitled to in the beginning; it is what relief it is entitled to now. Appellant presents no suggestion in this behalf, except such as would require Dickinson to advertise his competitor's business; the decisions relied on are not applicable. We still think, as expressed in our first opinion, that the place to solve the problem was in the court below and upon full hearing.

Judge Sessions has after painstaking effort adopted a plan which in its entirety we believe will effectively protect appellant's rights; and accordingly the decree will be affirmed.