GRAND RAPIDS TRUST CO. *v.* HANEY SCHOOL FURNI-
TURE CO.

1. CORPORATIONS—EXPIRATION OF CHARTER—RIGHT TO CONTINUE FOR
THREE YEARS TO WIND UP AFFAIRS.

Where the charter of a corporation expired by limitation
and there was no reorganization, it had the right to con-
tinue as a corporation under 3 Comp. Laws 1915, § 11335;
Comp. Laws Supp. 1922, § 9053 (32), for a period of three
years for the purpose of prosecuting and defending suits
by or against it, to gradually settle and close its affairs,
and to dispose of and convey its property, but not for the
purpose of continuing the business for which it was
organized.

2. SAME—DEFUNCT CORPORATION INCAPABLE OF HAVING GOOD WILL
OR TRADE NAME.

After the expiration of the three-year period of grace the
company was an extinguished entity, incapable of trans-
acting the business for which it was organized or of
possessing a business with a good will or corporate trade
name.

3. SAME—DEFUNCT CORPORATION HAS NO TRADE NAME TO PROTECT.

To invoke redress for the use of a corporate name there
must be an existing corporation with invaded rights or
with rights of creditors to be worked out in the process
of dissolution; the protection of a trade name extend-
ing only to the party entitled to use it in the trade.

4. SAME—GOOD WILL CANNOT EXIST WITHOUT A GOING CONCERN.

Since good will cannot exist without a going concern with
a business capable of being continued to supply the wants
of customers who have formed a liking for its output
and management, a defunct corporation can possess no
good will.

5. SAME—RECEIVERS—RECEIVER OF DEFUNCT CORPORATION MAY NOT
ENJOIN USE OF ITS OLD CORPORATE NAME.

Where the charter of a corporation had expired, as also

the three-year period of grace for winding up its business, and it was no longer a corporate entity capable of possessing a corporate name, the receiver appointed under the provisions of 3 Comp. Laws 1915, § 13571 *et seq.*, for the purpose of winding up its affairs, was not entitled to an injunction restraining another corporation from assuming and using the old corporate name of the defunct corporation.

**6. COSTS—ALLOWANCE FOR RECORD LIMITED.**

Where the record contains matter which cannot be considered by the Supreme Court, costs for printing the record will be limited to a sufficient number of pages.

Appeal from Kent; Brown (William B.), J. Submitted October 18, 1922. (Docket No. 171.) Decided December 29, 1922.

Bill by the Grand Rapids Trust Company, receiver of the Haney School Furniture Company, against the Haney School Furniture Company and others to enjoin the use of said corporate name. From a decree for plaintiff, defendants appeal. Reversed and remanded.

*John M. Dunham,* for plaintiff.

*Eugene Carpenter,* for defendants.

WIEST, J. Bill to restrain defendant company and its incorporators from doing business under the same name as the defunct corporation of which plaintiff is receiver, and from receiving any mail addressed to the Haney School Furniture Company. The defendants, by answer, set up the dissolution of the old corporation, asserted the right to take the name because there was no existing corporation of such name, denied the power of the court to appoint a receiver, and denied the material averments in plaintiff's bill. Upon the bill and answer a temporary injunction was granted, awarding plaintiff all the restraint possible under a final decree. Defendants bring the case here

by appeal. Plaintiff moved for a dismissal of the appeal, but in the brief filed waives such motion.

The Haney School Furniture Company, of which plaintiff is receiver, was incorporated June 7, 1889, and its charter expired by limitation and no reorganization on June 7, 1919. Plaintiff was appointed temporary receiver of that company April 17, 1922, and permanent receiver May 22, 1922. June 20, 1922, the defendant Haney School Furniture Company was organized by articles of incorporation duly filed.

Plaintiff claims:

"*First.* That defendants are guilty of actual fraud, which may be restrained by a court of equity.

"*Second.* That defendants have violated their duty to the public for the purpose of confusing said company and its product with the company under receivership, and its product.

"*Third.* That this trade name and good will are assets which equitably belong to the creditors of said company.

"*Fourth.* That defendants' use of said name would result in unfair competition as against plaintiff as receiver of said Haney School Furniture Company."

The injunction cannot stand unless it can be held that the right to the corporate name as representative of an existing good will is an asset in the hands of the receiver and capable of being sold. The corporation was a creature of the law, and when it finished the course fixed by law its name was no longer that of an existing corporation. The bill shows no exclusive products to which the name has attached a trade meaning. Defendants have a right to manufacture the same products at will. The purpose of defendants in taking the name is immaterial if they have kept within the law. It is said the defendants have seized the name to fool the public. If so, that fact is of no concern to the receiver unless it interferes with something he can sell and pass to others. The

receiver cannot carry on the business of the old corporation, and, therefore, it is inconceivable that defendants' use of the name will result in unfair competition as against plaintiff as receiver.

From June, 1919, to June, 1922, the corporation continued as a body corporate only for the purpose of prosecuting and defending suits by or against it, to gradually settle and close its affairs, and to dispose of and convey its property, but not for the purpose of continuing the business for which it was organized (3 Comp. Laws 1915, § 11335; Comp. Laws Supp. 1922, § 9053 [32]). After the expiration of the three-year period of grace the old company was an extinguished entity incapable of transacting the business for which it was organized or of possessing a business with a good will or corporate trade name. The name did not survive the business of which it was but a permitted designation.

The books are full of cases like those cited by plaintiff, enjoining the taking of the name of an existing corporation. Our statute forbids it (2 Comp. Laws 1915, § 9018, subd. 1; Comp. Laws Supp. 1922, § 9053 [13]). It must, however, be the name of an existing corporation. No case has been cited, and our search has revealed none, like the one at bar.

The point relative to the name was mentioned in *People* v. *Sticky Fly Paper Co.*, 144 Mich. 221, but was not decided, and was urged in *State, ex rel. New Arlington Hotel Co.*, v. *Hinkle*, 115 Wash. 298 (197 Pac. 4), but was not decided. See, also, 14 C. J. p. 332; 14A C. J. p. 1099; *Metropolitan, etc., Telegraph Co.* v. *Metropolitan, etc., Telegraph Co.*, 156 App. Div. 577 (141 N. Y. Supp. 598).

To invoke redress there must be an existing corporation with invaded rights, or with rights of creditors to be worked out in the process of dissolution. The corporation was stricken with the paralysis of certain

dissolution, June 7, 1919, for thereafter it could not continue the business for which it was organized, but was given three years in which to wind up its affairs. Notice of its dissolution by reason of termination of its existence by limitation was required to be filed with the secretary of State by a majority of the members of the last board of directors. Comp. Laws Supp. 1922, § 9053 (33).

We assume from the allegations of the bill that the receiver was appointed under the provisions of 3 Comp. Laws 1915, § 13571 *et seq.*, relating to the winding up of the affairs of a corporation whose term of existence, as fixed by its articles of association, and whose further term for winding up its business allowed by law has expired. While this statute grants power to appoint a receiver, and speaks of the corporation, it is not an extension of the corporate existence beyond the three-year period allowed by law for winding up its affairs.

The protection of a trade name extends only to the party entitled to use it in the trade.

In *Mayer, etc., Junk Co.* v. *Chemical Co.*, 35 App. Cas. D. C. 425, it was said:

"The terms 'good will' and 'business' are not synonymous. Good will, like a trademark, is but an incident to, and can have no existence apart from, the business in which it had its origin. 'It is tangible only as an incident, as connected with a going concern or business having locality or name, and is not susceptible of being disposed of independently.' *Metropolitan Nat. Bank* v. *St. Louis Dispatch Co.*, 149 U. S. 436 (13 Sup. Ct. 944). In this case the Southern Fertilizing Company wound up its affairs and abandoned its business. Necessarily, its good will became extinct. There was nothing tangible to which it might attach."

In the case at bar there was no piracy of the name. The old corporation selected the name for use in designating the entity so long as the entity legally

existed and no longer. The old corporation no longer exists for any business purpose. Therefore, it can possess no good will because it can render no service to those entertaining a liking for its former products. Good will cannot exist without a going concern with a business capable of being continued to supply the wants of customers who have formed a liking for its output and management. There must be a running plant and the probable retention of customers to constitute good will. We recognize the value of good will to a going business, and its value as an asset in case of sale of such a business, but we cannot extend the holdings with reference to such recognized value to a business terminated by operation of law.

The injunction restrained defendant company from receiving any mail addressed to the Haney School Furniture Company, and ordered such mail to be delivered to the plaintiff. Defendant is within its rights in the use of the name and it has a right to receive mail addressed to it, but mail received, if any, for the receiver must be turned where it belongs.

Plaintiff moved to strike from the record certain so-called exhibits not before the circuit judge at the hearing. The record contains matter we cannot consider upon this appeal, and defendants' costs for printing the record will be limited to 19 pages.

The temporary injunction should not have been granted, and is dissolved, and the case is remanded to the circuit court for such proceedings as plaintiff may be advised, not inconsistent with this opinion.

Defendants will recover costs.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.