General Investment Corporation and Bernard Weiss, Suing on His Own Behalf and on Behalf of All Other Stockholders of General Investment Corporation Similarly Situated, Respondents, *v.* Harry M. Addinsell and Others, Appellants, Impleaded with Frederick S. Burroughs and Others, Defendants.

First Department, November 4, 1938.

*A. Donald MacKinnon* of counsel [*Sullivan & Cromwell*, attorneys for the appellants Addinsell, Crispell, Wheaton and Woods; *Saypol & Kotler*, attorneys for the appellant Beall; *Parker & Duryee*, attorneys for the appellant Devendorf; *Seibert & Riggs*, attorneys for the appellants Glines and Seagrave; *Mudge, Stern, Williams & Tucker*, attorneys for the appellants Hines, Amerex Holding Corporation and Trinway Corporation; *Travis, Brownback & Paxson*, attorneys for the appellant Peirce; *Satterlee & Canfield*, attorneys for the appellant American General Corporation; *Milbank, Tweed & Hope*, attorneys for the appellant The Chase National Bank of the City of New York], for the appellants.

*Mortimer Hays* of counsel [*Abraham N. Geller, Merwin D. Maier* and *Robert B. Block* with him on the brief; *Szold & Brandwen*, attorneys for the respondent General Investment Corporation; *Abraham N. Geller*, attorney for the respondent Bernard Weiss], for the respondents.

Glennon, J. Bernard Weiss, a stockholder of the General Investment Corporation, commenced this action to recover from the defendants, for the benefit of the corporation, moneys which are alleged to have been obtained wrongfully or wasted through

corporate mismanagement. The suit, a derivative one, is based upon the theory that the board of directors, as now constituted, failed to bring action within " more than a reasonable time " after plaintiff made a demand. How long a period elapsed does not appear in the complaint. There is a very grave question as to whether or not the original plaintiff alleged facts sufficient to constitute a cause of action in a derivative suit by the mere assertion that more than a reasonable time had elapsed subsequent to the time the demand was made. However, we are not concerned particularly with that question at the present time.

The corporation was made a party defendant. In its answer it joined in the plaintiff's prayer for relief. After the corporate defendant had served its answer, it made a motion for leave to be joined as a coplaintiff and to be dropped as a party defendant. The motion was granted with a direction in the order that the corporation and the plaintiff Weiss should serve an amended and supplemental complaint.

Defendants contend, and properly so, that the motion at Special Term should have been denied. A derivative stockholder's action will not lie where the corporation, for the benefit of which the action is instituted, elects to bring suit itself. Had the stockholder instituted an action as plaintiff in conjunction with the corporation, defendants would have been well within their rights in asserting a misjoinder. The stockholder's privilege to maintain an action of the type under discussion is based upon the theory that the officers and directors either have refused to sue or would refuse, if requested, since their interests might be contrary to the welfare of the corporation which they control. A somewhat similar situation was presented to this court in *Havana City Railway Co.* v. *Ceballos* (49 App. Div. 263). There Mr. Justice INGRAHAM said: " An entirely different cause of action arises where the *cestuis que trustent*, or persons beneficially interested in a recovery, request the individual or corporation in whose favor a cause of action exists to bring an action to recover property for their benefit and such person refuses. The cause of action there is to compel the person or corporation whose duty it is to bring the action to act so that a right of action in which the plaintiff has an ultimate interest can be enforced in favor of the person in whom it is vested. But in such a case it would be improper to join a person in whom the cause of action vests, and who is entitled to enforce it, with one who seeks to compel such person to enforce the cause of action; for if the person in whom the cause of action is vested consents to sue, then the person for whose benefit the suit is to be brought has no cause of action, but it must be commenced and continued by the person in whom the cause of action vests."

The same general rule is found in 4 Cook on Corporations ([8th ed.] pp. 3206–3208): " The stockholders cannot join with the corporation in bringing the suit  *   *   *  it is only because the corporation fails to do so that a stockholder may bring the suit where fraud or *ultra vires* or negligence is involved. But both cannot join in bringing the suit."

If we were to permit the order now under attack to stand, the result would be a misjoinder of the plaintiffs. The parties would be allowed to do indirectly what they properly could not do directly.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., O'MALLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.