GENERAL INVESTMENT CORPORATION, Respondent, and AMERICAN GENERAL CORPORATION and Others, Intervening Plaintiffs, Respondents, *v.* ERNEST B. WARRINER, GERTRUDE M. HOLLMAN, HARLAND J. WRIGHT, SAMUEL P. NEWTON and WALLACE GROVES, Appellants, Impleaded with HAROLD S. MADDOCK and Others, Defendants.

First Department, May 3, 1940.

*Joseph V. McKee* of counsel [*William T. Griffin* with him on the brief], for the appellant Ernest B. Warriner.

*Edward J. Chapman,* for the appellants Gertrude M. Hollman, Harland J. Wright and Samuel P. Newton.

*F. W. H. Adams* of counsel [*Bernard Sobol* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys], for the appellant Wallace Groves.

*Laszlo Kormendi* of counsel [*Lloyd F. Thanhouser* and *Milton Paulson* with him on the brief; *Archibald R. Graustein,* attorney], for the respondent Frederick S. Burroughs.

*Satterlee & Canfield,* for the respondent American General Corporation.

*Milton Paulson,* for the respondent Helen S. Spelfogel.

GLENNON, J. This action was instituted by General Investment Corporation in July, 1937, against certain former officers and directors to recover for alleged waste and misappropriation of corporate moneys. The complaint was based upon two specific transactions in which plaintiffs sought to recover the sum of $756,569.50. Issue was joined by certain of the defendants in October and November of the same year. Negotiations were had with a view to settlement. A written offer of compromise bearing date January 17, 1938, was made by the defendant Warriner and Nassau Securities Co., Ltd., a corporation named as a defendant but not served with process. The proposed settlement was made subject to the approval of the court after notice to all stockholders of plaintiff and an opportunity given to them to be heard on the adequacy and fairness of the offer.

An application was made at Special Term in order to carry out the arrangement made by the parties. A referee was appointed for the following purposes:

" 1. To hear and report to this Court on the fairness and adequacy of an offer made by the defendants to settle and compromise the above entitled action for the sum of $145,000 with the view towards the entry of a judgment in said amount in said action against said defendants;

" 2. To determine the manner and method by which notice of the hearings before said referee of the fairness and adequacy of said offer shall be given to the stockholders of the plaintiff and all other persons interested therein;

" 3. To hear and report on all or any matters in connection therewith which may in the discretion of said referee be necessary or pertinent for the determination of the aforementioned matters."

The referee directed that a notice of hearing should be mailed to each stockholder of record and published in the *New York Law Journal* and the *New York Times.* After the publication and mailing of the notices respondents made this motion for leave to intervene as parties plaintiff. In granting the application made by the respondents the court, incidentally, gave them leave to serve and file a supplemental complaint.

Four grounds were set forth by the respondents to support their application for leave to intervene:

" (1) that it is necessary that the point of view of the stockholders be presented to the Referee in considering the settlement;

" (2) that the sum of $145,000 is a grossly inadequate sum for the plaintiff to accept in settlement;

" (3) that the proposed general release to be given to the defendants would discharge the defendants from other huge liabilities not alleged in the complaint;

" (4) that the present directors are liable to the corporation by reason of their alleged conspiratorial conduct with the prior directors and for their conduct of the affairs of the corporation after their assumption of office."

In so far as the first three grounds are concerned, we are of the opinion that the original order of reference amply protected all the stockholders of the plaintiff. In addition thereto the respondents, as stockholders of the plaintiff, had an adequate remedy, by a proper action, to protect themselves as against the alleged collusive arrangement which is specified in the fourth ground.

The situation here presented is analogous to that outlined in *Burns Bros.* v. *Payne* (238 App. Div. 773). There certain minority stockholders made an application to be made parties plaintiff. The motion was denied and the order was affirmed. The procedure thereafter followed is outlined by Mr. Justice (now Presiding Justice) MARTIN in *Wile* v. *Burns Bros.* (239 App. Div. 59):

" *  *  *. They then brought an action against the directors of Burns Bros., and in that action sought to enjoin the prosecution of the action entitled ' Burns Bros. vs. Payne *et al.*' That motion was also denied. We have herewith dismissed an appeal from such order. (*Wile* v. *Burns Bros., No. 2*, 239 App. Div. 67.) The minority stockholders then brought the present action. A motion was made to dismiss the complaint, which was denied and the order entered thereon was affirmed by this court. (*Wile* v. *Burns Bros.*, 238 App. Div. 838.)

" A motion was then made in this action to enjoin the prosecution of the action entitled ' Burns Bros. vs. Payne *et al.*' upon two grounds: (1) That the action of Burns Bros. vs. Payne *et al.* is not being prosecuted in good faith, and (2) that the interests of the directors who are attempting to prosecute that action are adverse to the corporation and its stockholders."

After reviewing the allegations set forth in the complaint and the affidavits, Mr. Justice MARTIN then said: " We are of the opinion that the appellants are entitled to an injunction against the further prosecution of the case of Burns Bros. vs. Payne *et al.*"

The practice there adopted would have afforded these respondents a proper remedy provided, of course, they could show that their position was similar to that of the minority stockholders in the action there under review.

Furthermore, we recently held in *General Investment Corp.* v. *Addinsell* (255 App. Div. 319) that a corporation, after suit was instituted by a minority stockholder, could not join with him as a party plaintiff in the same action. We said: " A derivative stockholder's action will not lie where the corporation, for the benefit of which the action is instituted, elects to bring suit itself. Had the stockholder instituted an action as plaintiff in conjunction with the corporation, defendants would have been well within their rights in asserting a misjoinder."

The order here under review, if permitted to stand, would bring about a result which the order there entered at Special Term had produced. The same reasoning which impelled us to reverse that order applies with equal force to the present one.

The order should be reversed, with twenty dollars costs and disbursements, and the motions denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motions denied.