HARPER M. HALL and DOROTHEA B. HALL, Suing as Stockholders and Creditors in Behalf of CRAILO SWEETS, INC., Plaintiffs, *v.* CRAILO SWEETS, INC., and SHERWOOD R. LIPPS, Defendants.*

Supreme Court, Special Term, Kings County, May 13, 1941.

*Kupfer, Silberfeld, Nathan & Danziger* [*Frederick S. Danziger* of counsel], for the plaintiffs.

*Hirsch, Newman, Reass & Becker* [*Murry C. Becker* of counsel], for the defendants.

SMITH, J. From the notice of motion served herein, it is difficult to determine under what specific provisions of the Civil Practice Act defendants seek relief. Defendants argue in their memorandum that they are moving pursuant to the provisions of section 271

* Affd., 262 App. Div. 866.

of the Civil Practice Act, but later submit arguments based upon the proposition that they seek merely the right to serve an amended answer, the time to serve such answer as of course having expired.

This is a stockholders' derivative action, plaintiffs seeking to redress wrongs allegedly done to the corporation, for breach of contract. The plaintiffs, it appears, constitute the owners and holders of the entire capital stock of the corporation. Such fact does not change, however, the essential rules governing this type of action. Plaintiffs cannot recover in their own right on a cause of action vested in the corporate entity even though they hold all of the stock. (14 C. J. 925.) Furthermore, although the suit is brought in equity on behalf of the corporation, it must be joined as a defendant not as a plaintiff and to join it as a plaintiff would be improper. (*General Investment Corp.* v. *Warriner*, 259 App. Div. 400, 403.)

Considering the motion under the provisions of section 271 of the Civil Practice Act, the proposed cross-complaint and counterclaims attempted to be interposed are, as I see it, unauthorized. The pleading permitted under section 271 falls within the category of counterclaims as defined in section 266 of the Civil Practice Act. It must be a cause of action in favor of defendants or some of them, and against the plaintiffs or some of them. Section 271 of the Civil Practice Act provides a method whereby a defendant having a cause of action against a plaintiff " along with any other persons " may cause such persons to be brought in.

Measured by the above test, the first counterclaim sought to be interposed is unwarranted for it seeks relief not against the plaintiffs or a plaintiff and another, but against the person sought to be impleaded, *alone* (Harper M. Hall).

Likewise is the second counterclaim unwarranted for it seeks relief not against the plaintiffs or a plaintiff, but against the defendant corporation and said Harper M. Hall.

The movant would avoid the force of this reasoning by the contention that the plaintiffs herein, although describing themselves as stockholders of the defendant corporation and seeking derivative relief as such on behalf of the corporation, are not to be considered apart from themselves as individuals, in the sense that an executor, for example, is to be considered apart from himself as an individual. Defendant would argue, apparently, that Hall, the individual sought to be impleaded, is the same person as Hall, the stockholder already in as plaintiff. In this event, it would be unnecessary to invoke the provisions of section 271 at all and there would be force to defendants' further assertion that the service of an amended answer within the proper time, setting up a counter-

claim against such plaintiff, could not have been successfully assailed.

With this view I do not agree. Hall has no standing in the action apart from his standing derived as a stockholder, and if successful in this action any recovery inures not to him but to the corporation.

Nor can the argument be sustained, in my opinion, that the corporation is the plaintiff, for reasons indicated. Even assuming such to be the case, it seems doubtful that a valid counterclaim is asserted against the corporation rather than, as plaintiffs assert, " a defense available by way of denial to the action by Crailo against Lipps."

There is a further objection to the proposed second counter-claim which incorporates by reference all of the first counterclaim and then seeks relief by way of declaratory judgment. This would throw into the present litigation revolving around the rights of the corporation under its contract allegedly violated by the individual defendant Lipps, a dispute as to possible controversies between the plaintiffs as individuals and said individual defendant, particularly a conjectured dispute which might arise out of a contract of employment between Hall and Lipps. To permit defendant to litigate such matters in this action might cause prejudice to such proposed impleaded defendant by anticipating an action for damages which he might bring and deprive him of his right to select his forum and the right to a jury trial. Applications for declaratory judgments are within the sound discretion of the court. Such application should, in my opinion, be denied.

Motion accordingly denied. Settle order on notice.