SEYMOUR LAZAR, Respondent, *v.* MERCHANTS' NATIONAL PROPERTIES, INC., Appellant, and MCCRORY CORPORATION, Respondent, et al., Defendant.

First Department, December 17, 1964.

*Isidor E. Schlesinger* of counsel (*Jonathan L. Rosner* with him on the brief; *Schlesinger & Teller*, attorneys), for appellant.

*Stanley L. Sklar* of counsel (*Benjamin Spiegel* with him on the brief; *Wachtel & Michaelson*, attorneys); for McCrory Corporation, respondent.

*Per Curiam.* Defendant Merchants' National Properties, Inc. appeals from an order of Special Term granting defendant McCrory Corporation's motion to substitute McCrory as plaintiff in place of plaintiff Lazar and to eliminate McCrory as a party defendant. The issue is whether the corporation in whose right a derivative shareholders' action is brought, and which prior to suit had declined to sue, may be so substituted.

Special Term's order granting the motion for substitution should be modified to condition the substitution on McCrory's consent to a new motion by defendants to dismiss the amended complaint under CPLR 3211, and it should be otherwise affirmed.

Plaintiff Lazar, as shareholder, sues derivatively in the right of defendant McCrory Corporation to recover from defendants

Merchants' National Properties, Inc. and its president and principal shareholder, defendant Marx. The amended complaint alleges libels of and other injury to McCrory by wrongfully inducing McCrory's shareholders to reject a proposed sale of a majority interest in a subsidiary corporation. It further alleges that McCrory's board of directors failed and refused to bring this action despite plaintiff's demand that they do so.

Subsequent to the institution of this derivative shareholders' action the McCrory board of directors resolved that the prosecution of this action was in the best interests of the corporation and authorized its general counsel to make the present motion. The motion is not opposed by plaintiff Lazar, but is strenuously opposed by the real party defendants, Merchants' and Marx.

The substitution of McCrory Corporation for Lazar may have the effect ultimately of allowing McCrory to enter a voluntary dismissal of the very action which its board of directors originally refused to bring. Subdivision (d) of section 626 of the Business Corporation Law and perhaps CPLR 1005 (subd. [c]), require court approval before a shareholders' derivative action may be compromised or voluntarily discontinued. On the other hand, CPLR 3217 (subd. [a], par. 2) would appear to allow a nonderivative action brought by the corporation itself to be discontinued without a court order, albeit with the required consent of all parties, including such parties as the presently objecting defendants. The court need not, however, now decide whether a substitution such as the one proposed may destroy the derivative nature of the action thus avoiding the effect of subdivision (d) of section 626 of the Business Corporation Law and CPLR 1005 (subd. [c]).

There is no suggestion that McCrory will not prosecute the action in good faith. The evidence is quite to the contrary. The real party defendants are neither officers nor directors of the corporation, nor are they otherwise shown to be in a position to influence the board's business judgment. Their very opposition to the instant motion suggests the absence of any collusive attempt to settle or discontinue this action. The original decision of the McCrory board of directors not to bring suit was expressly made "irrespective of any consideration of the merits of the suit". Consequently, in prosecuting the action now the board will not be prejudiced or embarrassed by having taken in the past any inconsistent position with respect to the merits of the amended complaint. In these several respects this case is unlike *General Investment Corp.* v. *Addinsell* (255 App. Div. 319) on which defendants rely. This court there held that the defendant corporation could not have itself joined as a coplain-

tiff in a derivative action. It was the proposed joinder that was objectionable and not a substitution which was never proposed.

In view of these circumstances demonstrating a strong probability that McCrory will prosecute this action in good faith, the order granting McCrory's motion for substitution as plaintiff and eliminating it as a defendant should be affirmed (cf. *Silverman* v. *Re*, 194 F. Supp. 540 [S. D. N. Y., 1961]). For the future, however, such a motion should generally not be granted without such appropriate notice as the court may direct to all of the shareholders, for whose benefit the action was brought, as a further assurance against collusion. Such a notice would be essentially similar in purpose and effect to the notice contemplated by subdivision (d) of section 626 of the Business Corporation Law for the discontinuance, compromise, or settlement of a shareholders' derivative action, and the court may make an order for the payment of costs as provided therein (see, also, Fed. Rules Civ. Pro., rule 23, subd. [c]).

There remains defendants' contention that to allow the substitution would deprive defendants of any further opportunity to attack the amended complaint by motion under CPLR 3211. Defendants urge that their earlier motion to dismiss the amended complaint was based partly on plaintiff Lazar's alleged incapacity to sue. From the denial of this motion defendants have pending an appeal to this court. The issue of Lazar's capacity to sue is perhaps rendered moot by substituting McCrory in his place as plaintiff. Although defendants do not contend that they overlooked other defenses in reliance on the defense of lack of capacity nor show the existence of any defense assertable against McCrory but not Lazar, the order should be modified to condition such substitution on McCrory's consent to any additional motion under CPLR 3211 as defendants may choose to make within 20 days after service on them of the order herein and notice of such consent. In this manner the right to assert any ground not now known to the court will be adequately protected.

Accordingly, the order should be modified, on the law, on the facts, and in the exercise of discretion, in accordance with this opinion and as so modified, affirmed, with costs to abide the event.

BREITEL, J. P., VALENTE, McNALLY, EAGER and STEUER, JJ., concur.

Order, entered on August 31, 1964, unanimously modified, on the law and on the facts, and in the exercise of discretion in accordance with the opinion *Per Curiam* of this court filed herein and, as so modified, affirmed, with $30 costs and disbursements to abide the event. Settle order on notice.