█ JOEL SACHER et al., Appellants-Respondents, v BEACON ASSOCIATES MANAGEMENT CORP. et al., Defendants, and FRIEDBERG SMITH & Co., P.C., Respondent-Appellant. [979 NYS2d 653]—

In an action, inter alia, to recover damages for professional negligence, the plaintiffs appeal, as limited by their brief and a

letter dated June 5, 2013, from stated portions of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 15, 2011, which, among other things, granted that branch of the cross motion of the defendant Friedberg, Smith & Co., P.C., which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint insofar as asserted against it for lack of standing, which was denied in a prior order of the same court entered April 28, 2010, and the defendant Friedberg, Smith & Co., P.C., cross-appeals, as limited by its brief, from so much of the order entered August 15, 2011, as, upon renewal, adhered to the original determination denying that branch of its prior motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint insofar as asserted against it for lack of standing.

Ordered that the appeal is dismissed, as the plaintiffs are not aggrieved by the portions of the order entered August 15, 2011, appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

This action involves losses sustained by an investment fund which invested with the firm of Bernard Madoff, who was convicted of crimes related to his operation of a Ponzi scheme. The plaintiffs are members of Beacon Associates, LLC II (hereinafter Beacon), and are suing derivatively on behalf of Beacon. The underlying facts have been described in a companion appeal (see Sacher v Beacon Assoc. Mgt. Corp., 114 AD3d 655 [2014] [decided herewith]).

After the Supreme Court issued an order entered April 28, 2010, inter alia, denying that branch of the motion of the defendant Friedberg, Smith & Co., P.C. (hereinafter Friedberg), which was pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it, which order is the subject of the companion appeal, Beacon asserted cross claims in a consolidated action pending in the United States District Court for the Southern District of New York relating to its investment with Madoff. Those cross claims were asserted against Beacon's managing member, Beacon Associates Management Corp. (hereinafter BAMC), and against BAMC's principals, the investment consultant Ivy Asset Management Corp. (hereinafter Ivy), and two of Ivy's directors. Beacon did not assert any cross claims against Friedberg.

Subsequently, after the plaintiffs moved to lift a stay which

had been issued in this action due to the consolidated action pending in federal court, Friedberg cross-moved, inter alia, for leave to renew that branch of its prior motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint insofar as asserted against it for lack of standing, arguing that Beacon's assertion of cross claims in the federal consolidated action deprived the plaintiffs of standing to maintain this derivative action.

Upon renewal, the Supreme Court properly adhered to its original determination denying that branch of Friedberg's prior motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint insofar as asserted against it for lack of standing (*see Sacher v Beacon Assoc. Mgt. Corp.*, 114 AD3d 655 [2014] [decided herewith]). Contrary to Friedberg's contention, Beacon's subsequent assertion of cross claims against other parties in the federal consolidated action does not undermine the plaintiffs' allegations of demand futility in the amended complaint, especially in light of the evidence submitted by the plaintiffs that those cross claims were invited by Ivy in part to facilitate settlement (*see Matter of Comverse Tech., Inc. Derivative Litig.*, 56 AD3d 49 [2008]; *cf. Lazar v Merchants' Natl. Props.*, 22 AD2d 253, 255 [1964]).

In light of our determination, the plaintiffs' remaining contentions have been rendered academic. Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.