FRUMES v. GLASER.

(Supreme Court, Appellate Term.   February 9, 1911.)

PARTNERSHIP (§ 199*)—ACTIONS—JOINDER OF PARTNERS.

    Plaintiff and two others contracted as partners to purchase a photograph business from defendant, paying $50 as earnest money. The sale was never consummated, and plaintiff, claiming that the contract was broken by defendant, sued alone to recover the earnest money. *Held*, that defendant was liable, if at all, to all of the parties jointly, and hence plaintiff, in the absence of an assignment of his partners' rights in the fund, was not entitled to recover the same in his own name, though he advanced all of the money so paid.

    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 362–368; Dec. Dig. § 199.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Frumes against Abraham Glaser. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Tobias A. Keppler, for appellant.

LEHMAN, J.  The defendant agreed to sell his photographic busi-ness to a copartnership composed of three parties, Spachner, Berger, and Frumes.  He received $50 at the time the agreement was made, and then signed the following receipt:

"Received of Spachner, Berger & Frumes, on account of sale of photo studio located at 1532 Third avenue, near Eighty-Sixth street, New York City, the sum of fifty ($50). Balance due on above sale the sum of seven hundred and fifty dollars, to be paid by above named buyers on Friday, January 21, 1910, when possession of studio named above shall be taken by them," etc.

The sale was never consummated, and the plaintiff claims that the contract was broken by the defendant, and brings this suit for the deposit as an individual, without alleging or proving any assignment from his partners.  The defendant, by amendment to the answer, pleaded that there was a nonjoinder of parties plaintiff, and that the plaintiff was not the real party in interest.

The plaintiff introduced some evidence that the $50 paid belonged to him, and he was given judgment for this amount.  His evidence was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

    127 N.Y.S.—21

insufficient to sustain the judgment. The contract was made with three parties, the payment was expressly stated to be made by them, and it is conceded that they were jointly to be the owners of the business, if the sale was consummated. The defendant was liable to all of them jointly, and it is immaterial, even if true, that the plaintiff advanced to them the money which was paid by them jointly. If he seeks the recovery of the money so advanced, he must obtain an assignment from them of their claims against the defendant, which cannot otherwise be finally determined in an action where they were not made parties. There are also some errors in the exclusion of proper questions on plaintiff's cross-examination.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.