## Second Department, March, 1942.
## (March 2, 1942.)

In the Matter of the Application of Louis Rothbard, Petitioner, for an Order against Philip A. Brennan, Justice of the Supreme Court of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review an order adjudging petitioner guilty of two criminal contempts and fining him $200 for the first contempt and $250 for the second contempt. Order modified on the facts as follows: (1) By striking out the provisions adjudging petitioner guilty of the first contempt and fining him therefor; (2) by striking out the fine of $250 imposed for the second contempt and substituting therefor a provision censuring him for his contumacious conduct in connection with such contempt; and (3) by striking out the provisions relating to the non-payment of the fines imposed and the penalties therefor. As so modified, the order is affirmed, without costs. Under the circumstances disclosed there is no basis for holding petitioner guilty of the first contempt charged. The petitioner clearly was guilty of the second contempt charged when he rejoined: " You can fine me five hundred." However, in the light of the events which occurred during the trial before this incident, petitioner's punishment should be limited to a censure. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

Harry H. Becker, Appellant, v. Hercules Foundries, Inc., Respondent.— Action to recover for work, labor and services and also for damages for breach of contract. Order granting defendant's motion to dismiss the complaint on the ground (a) that the plaintiff has not legal capacity to sue and (b) that the complaint does not state facts sufficient to constitute a cause of action, in so far as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to respondent to answer within ten days from the entry of the order hereon. (1) Plaintiff was not without legal capacity to sue. If the assignments to him by his copartner, the only other member of the partnership, were insufficient or invalid, only a defect of parties plaintiff would exist because of the non-joinder of the copartner, Muller. Such a defect would not permit a dismissal of the complaint as formerly under the Code of Civil Procedure. (2 Carmody's New York Practice, § 530.) The defendant's remedy under the Civil Practice Act was to have recourse to rule 102 of the Rules of Civil Practice, in connection with section 192 of the Civil Practice Act. (2) The Partnership Law does not preclude an assignment by one partner to another partner of a cause of action or specific property theretofore belonging to a partnership of two persons. It merely forbids such an assignment by one partner to a third party or stranger unless it is joined in by all of the other partners, or an assignment to a partner not executed by all the other partners. Here the assignments attacked were by one partner to the only other partner, the plaintiff herein. Such an assignment came within the express authorization of clause (b) of subdivision 2 of section 51 of the Partnership Law. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Frumes* v. *Glaser*, 127 N. Y. Supp. 321 [not officially published].) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.