Elbert T. Gallagher, J.
Plaintiffs move to strike out iefenses and the counterclaim contained in the answer for insufficiency and also to strike certain allegations on the ground that they are sham, frivolous, irrelevant, redundant, repetitious and otherwise improper.
The arguments raised by plaintiffs will be considered in the order in which they are taken up in the memorandum submitted in support of the motion.
Where facts are alleged in the complaint and denied in the answer, the facts upon which the denial is based may and often must be pleaded by way of affirmative defense. That is so obvious as to require no further discussion. Plaintiffs’ argument to the contrary is without merit.
Plaintiffs are correct in contending that a breach of a stockholders’ agreement may not be alleged in a stockholders’ derivative action. (Dreben v. Belloise, 275 App. Div. 755.) However, this is not simply a stockholders’ derivative action. Both causes of action stated in the complaint are brought by plaintiff Jack Kaye individually as well as in his representative capacity as a stockholder. Moreover, the answer does not set up a breach of a stockholders’ agreement. Paragraphs 11 through 14 plead waiver or estoppel as against the individual plaintiff. Paragraphs 18 through 21 refer to an agreement to which the corporation was a party and which agreement forms the basis of the second cause of action and, in part, the first cause of action pleaded in the complaint.
The fourth affirmative defense is conclusory and states facts insufficient to constitute a defense. It will be stricken from the answer.
The court does not agree that matter alleged in paragraph 6 )f the answer is redundant or repetitious.
Plaintiffs have on this motion asserted the legal insufficiency of defenses. Such a motion searches the record and requires the court to consider the legal sufficiency of the complaint. (Hamilton Rubber Mfg. Co. v. Greater New York Carpet House, 47 N. Y. S. 2d 210, affd. 269 App. Div. 681; Brand v. Gromet, 3 Misc 2d 991.)
*1054 The complaint is confusing in that it is brought as a stockholders’ derivative action as well as in the name of the corporation. It is a settled rule that stockholders may not join with the corporation in bringing suit and it is only because the corporation fails to do so that a stockholder may bring suit. (Bolmer Constr. Co. v. 9 Kew Gardens Road Corp., 82 N. Y. S. 2d 632; General Investment Corp. v. Addinsell, 255 App. Div. 319.) However, misjoinder of parties is not in itself a ground for dismissal of the complaint. (Spaulding v. First Nat. Bank, 210 App. Div. 216, affd. 239 N. Y. 586; Becker v. Hercules Foundries, 263 App. Div. 991.) The proper remedy is a motion to drop the party. (Buies Civ. Prac., rule 102, subd. 2.) Nevertheless the complaint is insufficient and must be dismissed as to the corporate plaintiff since it appears on the face thereof that the action was instituted in the name of the corporation without the consent or authority of the board of directors. (Tidy-House Paper Corp. v. Adlman, 4 A D 2d 619 and cases cited therein.)
The motion is denied except to the extent indicated and the complaint is dismissed as to the plaintiff corporation.
Settle order on four days’ notice.