Submitted on record and briefs December 21, 1984, reversed and remanded May 22, reconsideration denied July 5, petition for review denied August 20, 1985 (299 Or 663)

DAVIS et al,
*Appellants,*

*v.*

TADEVIC et al,
*Respondents.*

(30351; CA A32434)

699 P2d 1140

Bruce J. Brothers, and Brothers, Brown, Clark, Drew and Tiktin, Bend, filed the briefs for appellants.

Ray A. Babb, and Babb & Avedovech, Bend, filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action for fraud, breach of contract and breach of warranty after a street improvement assessment and lien were imposed on property that defendants sold to plaintiffs Davis. The property was purchased as the site for a commercial development project that plaintiff Charles Davis and plaintiffs Hoekstre intended to undertake as joint venturers. Plaintiffs alleged that, during the sale transaction, defendant George T. Tadevic knowingly misrepresented that he had "no notice of any liens to be assessed against" the property. Plaintiffs sought damages for the amount of the assessment, and they also sought punitive damages on the fraud claim. The trial court granted defendants' motion for a directed verdict. Plaintiffs appeal, and we reverse.

The trial court's principal basis for granting the directed verdict was that plaintiffs' allegations pertained only to injuries that they sustained as joint venturers rather than in their individual capacities. The assessment was levied in May, 1980. However, according to defendants and the trial court, there was conclusive evidence that the joint venture had terminated before that time "upon the members deciding not to proceed with the project." The court apparently also concluded that the joint venture terminated as a matter of law when the Davises transferred the property to the Hoekstres in February, 1980.

Plaintiffs argue that there was evidence from which the jury could find that the joint venture remained in existence at the time the assessment was levied and the lien attached. Defendants' argument to the contrary focuses on one answer in the testimony of Clifford Hoekstre. They take that answer out of context and disregard the remainder of Hoekstre's testimony. The jury could have found from that testimony and the other evidence that the parties to the joint venture regarded it as a continuing enterprise at the time the assessment and lien were imposed and that their conduct was consistent with the joint venture's continued existence. *See Laird v. Johns,* 276 Or 1095, 1097, 557 P2d 670 (1976).

Defendants also argue that the transfer of the property from the Davises to the Hoekstres dissolved the joint

venture as a matter of law.[1] They rely on *Kelly v. Tracy,* 209 Or 153, 305 P2d 411 (1956); *Eilers Music House v. Reine,* 65 Or 598, 133 P 788 (1913); and *Marx v. Goodnough,* 16 Or 26, 16 P 918 (1888). Those cases are not in point. In each of them, a partner voluntarily or involuntarily transferred his interest in the partnership or its assets *to a stranger to the partnership.* Whether or not defendants are correct in understanding the cases on which they rely as suggesting that a partner's or joint venturer's transfer of assets to a third party may affect the existence of the partnership or venture, *but see* ORS 68.440, it is clear that a transfer from one partner or venturer to another has no *necessary* effect on the survival of the entity. It is well-established—and also self-evident—that title to the real property of a partnership or joint venture may reside in one of the members rather than in the entity and that the locus of the title does not necessarily affect either the entity's rights in the property or the entity's existence. *Fenton et al. v. State Ind. Acc. Com.,* 199 Or 668, 672, 264 P2d 1037 (1953); *see* ORS 68.220, 68.420.[2]

The trial court erred in concluding that the joint venture had ceased to exist as a matter of law and that there was no evidence from which the jury could find that the venture was in existence when the assessment was imposed.[3]

---

[1] It is unnecessary for us to discuss in detail the reasons for the transfer, the complex financial relationships among the joint venturers or the convoluted plans they made concerning title to the property.

[2] The transfer of the property of course may be considered by the factfinder in deciding whether the parties intended the joint venture to continue after February, 1980.

[3] The trial court originally concluded, and recited in the judgment, that the directed verdict on the fraud claim was based on the absence of "proof of the proper measure of damages," as well as on the court's conclusion that there was no jury question as to whether the joint venture had terminated before the assessment was imposed. However, in his later memorandum opinion denying plaintiffs' motion for a new trial, the trial judge stated that he had been incorrect in his ruling on the proof of the measure of damages. Defendants appear to argue that the trial court's first ruling on the damages issue was correct and that we should so hold and affirm the directed verdict on the fraud claim on that basis. Defendants' brief states, as relevant:

"The court reversed itself on [the] failure of proof of damages between the time of the ruling in open court and the ruling on the motion for retrial. Defendants maintain that the Court was correct in its original ruling as applied to Count I of Plaintiffs' Fourth Amended Complaint (fraud). * * * The Court was correct on the basis of *Horner v. Wagy,* 173 Or 441, 146 P2d 92 (1944). * * *"

That argument is not nearly explicit enough for us to be sure of the point of it or to address it.

■ Plaintiffs argue that the court was also incorrect in concluding that they cannot recover in their individual capacities as well as in their capacities as joint venturers. We agree with the trial judge that the complaint alleges no injury that is independent of the joint venture. We also conclude that it is academic here whether, as plaintiffs argue, individual joint venturers may bring actions that arise out of torts against the joint venture but that do not accrue or cannot be liquidated until after the entity has ceased to exist. The only compensatory damages plaintiffs seek are for the amount of the street assessment. Any claim plaintiffs as joint venturers could have for those damages accrued when the assessment was levied; if the joint venture did not exist at that time, the damages would have been sustained by the Hoekstres as individuals rather than by the venture. The trial court correctly identified the issue as being whether the joint venture was in existence at the time the assessment and the lien were imposed. However, for the reasons stated in this opinion, the court erred in not submitting that issue to the jury.

Reversed and remanded.[4]

---

[4] Defendants argue that we should not address plaintiffs' assignments of error, because they do not comply with ORAP 7.19. The deficiencies in the assignments have not required us to search the record or otherwise impeded our review, and we elect to consider plaintiffs' arguments