Argued and submitted May 23, reversed and remanded for further proceedings
December 31, 1986

SHINN et al,
*Appellants,*

*v.*

VAUGHN et al,
*Respondents.*

(L82-2187; CA A36328)

730 P2d 1290

John A. Wolf, Reedsport, argued the cause and filed the brief for appellants.

James N. Westwood, Portland, argued the cause for respondents. With him on the brief were John D. Burns and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs, who are judgment creditors of defendant Vaughn, appeal from an order that dismissed a proceeding in which they sought to charge his interest in a partnership. ORS 68.450.[1] The order recited that "[p]laintiffs have not sustained their burden of proof by credible evidence." Our review is *de novo.* ORS 19.125(3). We reverse.

The evidence shows that on October 29, 1972, defendants Vaughn, Boe and Whitcomb executed a partnership agreement for "Winchester Bay Development Company" to engage in buying, selling and developing real property in Oregon. Profits and losses were to be shared equally among the partners. Paragraph 4 provides:

"It is understood and agreed that the partners will acquire in the name of * * * Boe, the property owned by Delta Pacific, Inc., in Winchester Bay, Douglas County, Oregon, and that said property acquired by * * * Boe shall be partnership property."

On October 18, 1973, Boe deeded that property to Vaughn,

---

[1] In July, 1984, plaintiffs moved for an order to show cause. The parties treated the proceeding as one in which plaintiffs sought imposition of a charging order under ORS 68.450. The order to show cause provided:

"IT IS HEREBY ORDERED that JASON BOE and WILLIAM V. WHITCOMB, appear before this court at 8:30 o'clock a.m., on the 20th day of August, 1984, in Courtroom 'C,' and then and there to show cause, if any they have, why the Court should not enter an order requiring that:

"1. an accounting for funds due Defendant, Gaylord Vaughn, as a a [sic] result of his interest in partnership between Gaylord Vaughn, Jason Boe, and William V. Whitcomb [sic], dba The Winchester Bay Development Company.

"2. appointing a receiver for funds due Gaylord Vaughn, and;

"3. compelling discovery including the production of any and all documents pertaining to the partnership from its inception, October 24, 1972 until the present, including any documents of sale for any property that has been or is now partnership property."

After a hearing, the court ordered:

"IT APPEARING from the evidence presented to the court that Plaintiffs have not sustained their burden of proof by credible evidence; now, therefore,

"IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiffs' third party proceeding against JASON BOE and WILLIAM V. WHITCOMB be and is hereby dismissed."

The parties agree that the effect of the order is to deny plaintiffs a charging order under ORS 68.450.

Whitcomb and himself, doing business as Winchester Bay Development Company. On October 8, 1978, Vaughn executed and delivered a deed to the property to Boe and Whitcomb as grantees. The deed recited a consideration of $4,000.

In September, 1982, Boe and Whitcomb sold and conveyed the property to "BowBoSun," another partnership in which Boe was a partner. Plaintiffs claim that, in computing Vaughn's interest in the partnership, any surplus in which he shares includes the proceeds of that sale. Boe and Whitcomb acknowledge that Vaughn remained a partner and that the property remained partnership property but contend that his deed eliminated his rights in the property and that, therefore, the proceeds of the 1982 sale should not be included in the computation of any surplus in which he would share. The parties agree that the property was the only partnership asset of value and that, if Boe's and Whitcomb's position is correct, Vaughn has no partnership interest which plaintiffs could charge.

■     A partner does not own a proportional part of specific partnership property. *Claude v. Claude,* 191 Or 308, 228 P2d 776 (1951). *See also* Crane & Bromberg, *Law of Partnership* 230 (1968). The value of a partner's interest in specific partnership property is reflected in his "interest in the partnership," which is his interest in profits and surplus. ORS 68.430. Although a partner's interest in profits and surplus is personal property, ORS 68.430, and freely transferable, an interest in specific partnership property "is not assignable except in connection with the assignment of the rights of all of the partners in the same property." ORS 68.420(2)(b).

■     Although ORS 68.420(2)(b) appears to prohibit *all* transfers by a partner of rights in specific partnership property, courts have held that it only prohibits transfers to third parties and not transfers to other partners. *See Goldberg v. Goldberg,* 375 Pa 78, 99 A2d 474 (1953); *Becker v. Hercules Foundries, Inc.,* 263 App Div 991, 33 NYS 2d 367 (1942). Moreover, in *Berliner and Schnitzer v. Roberts,* 226 Or 350, 360 P2d 533 (1961), the court held that a partner may waive rights in specific partnership property. Two of the three partners there had given a former customer a covenant not to sue on a partnership account. The court held that they had waived their claim to that partnership asset and could not

share with the third partner in the proceeds of that claim when the partnership accounts were settled after dissolution. The covenant not to sue ran in favor of the former customer, but its effect was the same as if the two partners who executed it had transferred their rights in the account to the third partner. *Berliner and Schnitzer* supports the proposition that Vaughn *could have* transferred rights in the property to Boe and Whitcomb when he gave them the deed. A partner may relinquish rights in a specific partnership asset and continue to remain a partner.

■     On the other hand, although Vaughn gave the deed, he did not necessarily transfer his rights in the property to Boe and Whitcomb. The transfer of record title to partnership property does not necessarily affect its beneficial ownership. *See Belton v. Buesing,* 240 Or 399, 402 P2d 98 (1965); *Davis v. Tadevic,* 73 Or App 587, 699 P2d 1140, *rev den* 299 Or 663 (1985). Indeed, the partnership agreement provided that, originally, title to the property would be held in Boe's name for the partnership and the property was held as partnership property in his name until 1973.

The pertinent inquiry concerns what the partners intended to be the legal effect of Vaughn's deed. *See Gorger v. Gorger,* 276 Or 267, 555 P2d 1 (1976); *Davis v. Tadevic, supra;* Crane and Bromberg, *supra,* 209. Plaintiffs assert that the evidence establishes that Vaughn intended to convey only the legal title to the property and not to relinquish his interest in it. Vaughn testified that, in 1981, he had financial difficulties and did not want a "lien filed against the partnership property," that Boe and Whitcomb paid nothing for the deed and that, when he discussed his reason for the transfer with Boe and Whitcomb, they had assured him that there would be no change in his duties, partnership status or interest in the partnership as a result of the deed. Vaughn continued to manage the partnership and the property for at least four years. The partnership tax returns for the years 1978 through 1981 (subsequent returns are not in the record) show that Vaughn was an equal partner, that he made capital contributions in each of those years and that he shared equally with Boe and Whitcomb in the profits and losses of the partnership, including the depreciation deductions allocable to the property. Vaughn, an accountant, prepared the returns, with at least the acquiescence of his partners.

On the other hand, Boe and Whitcomb testified that they recalled no discussion with Vaughn before or at the time of the deed, that they had no agreement as to the intended legal effect of the deed before its execution and that they were not aware of the deed until after Vaughn had delivered it. They testified that, when Vaughn conveyed the property, they understood that he was relinquishing his rights in it. They also testified that they did not recall that they paid anything for the deed.

Plaintiffs concede that their rights are derivative of Vaughn's. The court found that Vaughn's testimony was not credible. His explanation of why he gave the deed to Boe and Whitcomb, because he did not want *his* creditors to levy on the property, and that he discussed the deed with Boe and Whitcomb before he gave it is not convincing.[2] We find convincing the testimony of Boe and Whitcomb that they had no discussion or agreement with Vaughn before or at the time of the deed as to its intended legal effect and that they were not aware of it until after Vaughn delivered it.

■     Nonetheless, we hold, contrary to the trial court, that plaintiffs did carry their burden of proof. The testimony of Boe and Whitcomb that there was no agreement about the deed when Vaughn gave it and that they were not aware then that he had given it, *supports* plaintiffs' position that the partners did not intend at or before the time when Vaughn gave the deed that it would relinquish his rights in the property. Although there is evidence that Vaughn may have received consideration for the deed (although consideration is not necessary), Boe and Whitcomb testified that they paid nothing for it. Moreover, it is clear from the record that the conduct of the partners after Vaughn gave the deed is consistent only with a finding that they did not intend that Vaughn relinquish his interest in the property when he gave the deed. The partnership tax returns for the years 1978-1981, which show that Vaughn was an equal partner and shared in the profits and losses of the partnership, including the depreciation deduction allocable to the property, is compelling evidence that he retained an interest in the property. If the partners had intended otherwise, the partnership returns

---

[2] Partnership property is immune from attachment for a partner's personal debts. ORS 68.420(2)(c).

should have been consistent, not inconsistent, with that intent. Furthermore, the partners agree that the property was the only partnership asset of value. It is not convincing that Vaughn could have continued as a partner but have no partnership interest of any value.

Accordingly, we hold that plaintiffs carried their burden of proof that Vaughn, when he executed the deed, did not relinquish his rights in the property to Boe and Whitcomb and that he continued to be a partner with equal partnership rights in profits and surplus, with the proceeds of the 1982 sale to be included in the computation of profits and surplus. The court erred, therefore, when it dismissed plaintiffs' proceeding for a charging order.

Reversed and remanded for further proceedings not inconsistent with this opinion.