BRONSON et al,
*Appellants,*

*v.*

PURCELL,
*Respondent.*

(88-CV-0171-TM; CA A60472)

781 P2d 1235

Warde H. Erwin, Portland, filed the briefs for appellants.

William M. Holmes and Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action to recover damages from defendant Purcell[1] for a "secret profit" that he allegedly received from the buyer in a real property transaction in which Purcell and plaintiffs or their predecessors, as joint venturers, were the sellers. Shortly before trial, the trial court refused plaintiffs' demand to empanel a jury, because it concluded that plaintiffs' fourth amended complaint "does not disclose that the affairs of the alleged joint venture have been closed" and, therefore, that the case is "in the nature of a proceeding for an accounting," triable to the court. The court apparently[2] proceeded to try the case and resolved the merits adversely to plaintiffs. They appeal, and we affirm.

Plaintiffs' first assignment is that the court erred in ruling that they could not pursue an action at law triable to a jury. The general rule is that "[a]n action at law will not lie against a partner [or joint venturer] upon a demand arising out of the partnership relationship until a settlement of account and balance is struck." *Moffatt v. Harden,* 58 Or App 505, 507, 648 P2d 1311, *rev den* 293 Or 653 (1982). An exception was stated in *Sproul v. Fossi,* 274 Or 749, 756, n 1, 548 P2d 970 (1976):

> "[A] joint venture for a single transaction is terminated upon either the completion of the transaction or upon its failure * * *. Thus, one member of such a joint venture may sue the other at least in an action for fraud without first having a formal accounting."

Plaintiffs contend that they come within the exception. They maintain that they pleaded that the joint venture was formed for the sole purpose of developing and selling certain real property and that "the members of the joint venture sold the aforesaid property" in the transaction giving rise to this action. However, plaintiffs also alleged in the same sentence of the complaint that the members "thereafter held a contract of sale in the name of the joint venturers as vendors." Nothing in the complaint indicates that the contract is no longer an asset of the venture or that its performance has been

---

[1] The other defendants are not parties to this appeal.

[2] The record that plaintiffs designated does not enable us to know for certain.

completed. The pleading shows on its face that the joint venture is ongoing.

Plaintiffs rely on *Kelly v. Tracy*, 209 Or 153, 305 P2d 411 (1956), where the court rejected the defendant's challenge to the sufficiency of the complaint and explained:

> "The essence of defendant's contention is that no relief can be given to the plaintiff unless and until a suit for accounting is brought. In this the defendant errs. Limiting ourselves for the moment to the question of pleading, we find it alleged that defendant acting for herself, and for plaintiff under the power of attorney, sold the total interest of the plaintiff and defendant in the partnership business to a third party, Deer Lodge, Inc., a corporation. This action of hers caused the dissolution of the partnership as a matter of law." 209 Or at 163.

That reliance is misplaced, for two reasons. First, *Kelly v. Tracy, supra,* was not an action at law, but an equitable proceeding to impress a resulting trust. The court noted:

> "The impediments to relief between partners in actions at law do not exist when the jurisdiction of equity is invoked, and there are numerous instances of suits in equity between partners which do not involve or require a general accounting." 209 Or at 165.

The second reason is that a partnership or joint venture is dissolved by a transfer of assets only when the members' *total* interests and the entity's *total* affairs are thereby ended. *See Davis v. Tadevic,* 73 Or App 587, 699 P2d 1140, *rev den* 299 Or 663 (1985). Here, conversely, plaintiffs allege that the members retained the contract of sale as joint venturers.

Plaintiffs contend that, under liberal pleading concepts, they cannot be required to plead the termination of the joint venture and that the termination is a conclusion of law, not an ultimate fact. The difficulty is that the pleading affirmatively shows that the joint venture has *not* terminated, whether or not an allegation that it *has* terminated would otherwise be necessary.

Plaintiffs also argue that the trial court abused its discretion by not allowing them to replead and make the allegation. Plaintiffs make no assignment of error to that effect, and they do not persuade us that the court abused its discretion by not giving leave to amend a fourth amended complaint. Finally, plaintiffs maintain that they apprised the court in

their opening statement "that the joint venture had terminated upon the sale of the property." However, given the pleaded fact that the joint venturers held the contract of sale, plaintiffs' understanding that its execution terminated the joint venture is wrong as a matter of law.

We reject plaintiffs' arguments that they were entitled to proceed before a jury in an action at law. They also argue that the court erred by striking their claim for punitive damages against Purcell. The error, if any, cannot be prejudicial, because the court held that Purcell was not liable.[3]

Affirmed.

---

[3] No separate assignment of error or argument is made against the court's ruling on the merits of the accounting proceeding.