# Bruce THOMPSON,
*Appellant - Cross-Respondent,*

*v.*

# Jean COUGHLIN,
*Respondent - Cross-Appellant.*

## (A8911-06395; CA A68488)

862 P2d 582

Robert S. Sola argued the cause for appellant - cross-respondent. On the brief were Michael L. Williams and Williams & Troutwine, P.C.

Mary VanderWeele argued the cause for respondent - cross-appellant. With her on the brief were Stephen S. Walters and Stoel, Rives, Boley, Jones & Gray.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff appeals from a judgment dismissing his claim for a partnership accounting and for a share of commissions from the sale of life insurance that he contends are due him under the partnership agreement. Defendant cross-appeals, assigning error to the denial of her request for a jury trial. We review *de novo* and reverse on appeal.

Plaintiff and defendant became associated as insurance agents in 1981. They worked together on a large transaction for members of the Macdonald family, who were then clients of defendant. In 1984, the parties entered into a partnership agreement that provided, *inter alia*, that the partners would share equally in profits and losses, that either partner could withdraw upon three month's written notice to the other, and that termination and dissolution rights were subject to ORS chapter 68. The agreement further provided:

"At the effective date of withdrawal, the parties shall designate those clients and accounts in which the withdrawing partner has an interest. At any time within two (2) years from the date of withdrawal, if the designated clients or accounts purchase a life insurance policy or related product from either the withdrawing partner or the continuing partner, the parties shall account between them for the commission received in accordance with our agreement to share profits equally. In addition, the withdrawing partner shall receive his/her share of any commissions due and owing as of the date of withdrawal from the partnership and shall receive on a continuing basis his/her share of any renewal commissions paid on insurance products written during the term of the partnership."

On February 10, 1986, the parties entered into a letter agreement that provided, in material part:

"This letter confirms our understanding with respect to our association in partnership work. * * * commencing January 1, 1986 and continuing until terminated by thirty (30) days' prior written notice by either party, * * * we will share commissions on the basis outlined in this letter.

"[W]e have agreed to share on a 50/50 basis all commissions earned on life insurance written individually by me, individually by you, or written by us jointly. This includes clients from our merged files or new prospective clients.

"* * * * *

"We have agreed that the commission structure outlined above will not be appropriate as we agree to have the privilege of working with other agents on a case-by-case basis."

On February 21, defendant sent plaintiff a letter "regarding our work together for the remainder of 1986." The parties agree that the letter is contractual and that it supplements the February 10 agreement. The letter states, as relevant:

"I will not split any commissions on insurance policies *you* sell on an individual basis or any insurance policies *I* sell on an individual basis. That is, new prospects not on any lists we have shared.

"I will split commissions on the 50/50 basis as formerly agreed on a case-by-case basis only.

"* * * * *

"I will control my own list of former and new prospects regarding appointments and work with you and other agents on a case-by-case basis." (Emphasis in original.)

In 1988 and 1989, defendant and agents other than plaintiff sold insurance to the Macdonalds. The dispute in this case focuses on whether plaintiff is entitled to a share of the commissions from those sales. In November 1988, defendant withdrew from the partnership, and plaintiff subsequently brought this action for an accounting. The trial court held that the 1986 writings supersede the 1984 agreement in its entirety, that plaintiff was, therefore, not entitled to commissions accruing during the two-year post-dissolution period specified in the earlier agreement, and that the 1988 and 1989 Macdonald sales were not "joint cases" within the meaning of the 1986 instruments. The court held that plaintiff was not entitled to an accounting and entered a judgment in defendant's favor.

In her cross-appeal, defendant argues that, although styled as an action for an equitable accounting, this is in reality an action at law for breach of contract. Hence, she asserts that she was entitled to a jury trial. The point that defendant's argument neglects is that the agreements that were allegedly breached were *partnership* agreements, one of which provided for an accounting. Defendant's argument

presupposes that that agreement was vitiated, a point that plaintiff disputes and that we reject. In any event, defendant's before-the-fact anticipation of the decision on the merits cannot alter the nature of the relief claimed. An equitable accounting action was an available if not exclusive remedy for plaintiff. *Bronson v. Purcell*, 99 Or App 231, 781 P2d 1235 (1989), *rev den* 309 Or 291 (1990).

In his appeal, plaintiff first argues that the trial court erred by treating the 1986 documents as wholly superseding the 1984 agreement. We agree. Unlike the instruments in *Nicholson v. Hardwick*, 49 Or App 169, 619 P2d 925 (1980), *rev den* 290 Or 652 (1981), on which defendant relies, the later agreement here leaves many provisions of the earlier one intact. The agreements are capable of simultaneous operation. *See First Interstate Bank v. Bergendahl*, 80 Or App 479, 723 P2d 1005, *rev den* 302 Or 299 (1986).[1] The 1986 documents substantially modify the parties' commission rights under the 1984 agreement but, even as to that, the 1986 instruments do not supplant the basic entitlement to and mechanism for sharing of commissions; their principal effect is to change the 1984 agreement's provisions as to which commissions will be shared. It follows that plaintiff has a right under the 1984 agreement to continue receiving shares for two years after withdrawal with respect to commissions that the 1986 agreement leaves subject to division between the parties. It also follows that he is entitled to an accounting, and that the court erred by not rendering one. *See* ORS 68.350.

Because the issue is likely to arise on remand, we will address the parties' arguments concerning their entitlement to commissions under the 1986 agreement. Plaintiff takes the position that the 1988 and 1989 Macdonald transactions were with an existing client of the partnership, and that the commissions are subject to division between the parties. Under defendant's reading of the 1986 letters, the transactions were consummated without plaintiff's involvement[2]

---

[1] The testimony and the post-1986 conduct of the parties is also consistent with the conclusion that they understood the 1984 partnership agreement and relationship to be ongoing.

[2] He disputes that factual contention. It is unnecessary to our decision that we resolve it.

and are within the proviso that commissions on "case-by-case" transactions need not be shared.

The two 1986 letters may be in conflict on that point. The February 10 letter provides that insurance written by either party or by the two jointly for existing *or* new clients will result in sharing of commissions. The letter also indicates that insurance sales made with other agents on a case-by-case basis are not subject to the divided commission formula set out elsewhere in the letter. The February 10 letter tends to support defendant's view, in that it ties "cases" to sales made with other agents and to particular transactions, rather than tying the term to the existing or prospective nature of the client.

However, defendant's February 21 letter points in the opposite direction. It reads:

"I will not split any commissions on insurance policies you sell on an individual basis or any insurance policies I sell on an individual basis. *That is, new prospects not on any lists we have shared.*

"I will split commissions on the 50/50 basis as formerly agreed on a case-by-case basis only." (Emphasis in original deleted; emphasis supplied.)

That language seems to tie commission rights and the meaning of "case-by-case" to whether the clients are new or existing ones and, therefore, it supports plaintiff's view.

Ultimately, the documents themselves are ambiguous, as well as contradictory of one another and containing internal inconsistencies. We therefore must look to evidence of the parties' intent, and the strongest evidence we find is in the following testimony of defendant concerning her February 21 letter:

"Q. * * * It says in the second paragraph: I will not split any commissions on insurance policies you sell on a individual basis, meaning Bruce Thompson; right?

"A. Yes.

"Q. And it also says you are not going to split commissions 50-50 on any policies that you sell individually; correct?

"A. Yes.

"Q. And when you wrote this letter what you meant was the agreement to split commission 50-50 on policies you wrote even if Bruce Thompson wasn't involved still applied if it was not a new prospect; correct?

"A. Yes.

"Q. The Macdonalds were not a new prospect, were they?

"A. No."

We find that the 1986 letters were intended to preserve the parties' rights to share in commissions generated by sales made by either to existing clients like the Macdonalds.[3]

On appeal, reversed and remanded for further proceedings not inconsistent with this opinion; affirmed on cross-appeal.

---

[3] The February 21 letter says that it applies only to "the remainder of 1986." However, we understand the letter to also clarify and explain the terms in the February 10 letter, which was not limited in duration.